IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01832-BNB

GIOVANNI LARATTA,

    Plaintiff,

v.

GEORGE W. DUNBAR, and
MICK McCORMAC,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 04 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Giovanni Laratta, initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on August 3, 2009. On August 5, 2009, Plaintiff filed an Amended Prisoner Complaint. On August 18, 2009, Magistrate Judge Boyd N. Boland determined that the Amended Complaint was deficient because it failed to allege the personal participation of all named Defendants, and ordered Mr. Laratta to file a Second Amended Complaint. Mr. Laratta filed a Second Amended Complaint on September 17, 2009. In the Second Amended Complaint, he alleges that his Eighth and Fourteenth Amendment rights have been violated. As relief, he asks for money damages and injunctive relief. He has paid the $350.00 filing fee.

1

The Court must construe the Second Amended Complaint liberally because Mr. Laratta is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Second Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law.

Mr. Laratta asserts three claims in the Second Amended Complaint. Liberallly construed, his first claim asserts that Defendant Mick McCormac violated his Fourteenth Amendment right to due process as well as his Eighth Amendment right to be free from cruel and unusual punishment during the course of a disciplinary hearing. Second Amended Complaint at 4. Specifically, Mr. Laratta alleges that Defendant McCormac denied him the right to cross-examine a witness, to examine the evidence, and to receive notice of the disposition. *Id.* at 5-8. In his second claim, Mr. Laratta alleges that his right to due process was violated when Defendant George W. Dunbar failed to properly supervise Defendant McCormac and allowed him to violate prison administrative procedures. *Id.* at 9-12. In his third claim, Mr. Laratta alleges that his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment

was violated when Defendant Dunbar failed to intervene in the disciplinary hearing. *Id.* at 13-14. Mr. Laratta does not allege that he has lost good-time credits as a result of his disciplinary conviction, but states he has been placed in solitary confinement for over 691 days, and that he is no longer allowed to have family visits. *Id.* at 20.

The Court first will address Mr. Laratta's Eighth Amendment claims. "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Laratta must allege that Defendants were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Laratta must demonstrate both that the injury he suffered was sufficiently serious and that Defendants acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916.

The facts alleged by Mr. Laratta do not demonstrate that he suffered a sufficiently serious injury because "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal

3

quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992). Mr. Laratta does not allege that he has been deprived of food, shelter, sanitation, personal safety, medical care, or adequate clothing. Accordingly, his Eighth Amendment claims must be dismissed.

With respect to Mr. Laratta's due process claim against Defendant Dunbar, Mr. Laratta was instructed by Magistrate Judge Boland, in the August 18, 2009, Order, that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). Mr. Laratta merely states that Defendant Dunbar is the Warden

of Buena Vista Correctional Facility, and that he has been negligent in failing to properly supervise Defendant McCormac.

However, Mr. Laratta fails to assert that Defendant Dunbar has personally participated in the alleged due process violations. Under the theory of respondeat superior, Defendant Dunbar is not liable for the acts of Defendant McCormac. Mr. Laratta fails to assert that Defendant Dunbar caused the deprivation of his federal constitutional rights, and therefore, Defendant Dunbar is not a proper party to this action.

The Court will not address at this time the merits of Mr. Laratta's due process claim against Defendant McCormac. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Mr. Laratta's claims against Defendant George W. Dunbar are dismissed and Defendant Dunbar is dismissed as a party to this action. It is

FURTHER ORDERED that Mr. Laratta's Eighth Amendment claim against Defendant Mick McCormac is dismissed. The only remaining claim is Mr. Laratta's due process claim against Defendant McCormac. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 4th day of November, 2009.

BY THE COURT:

*Zita Leason Weinshienk*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01832-BNB

Giovanni Laratta
Prisoner No. 136216
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/4/09

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk