IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01832-REB-MEH

GIOVANNI LARATTA,

    Plaintiff,

v.

MICK MCCORMAC,

    Defendants.

---

## RECOMMENDATION ON MOTION TO RECONSIDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion to Reconsider Decision on Dismissal of Claim [filed November 23, 2009; docket #10]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the Motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the Motion be **denied**.[1]

This action was initiated by the Plaintiff proceeding *pro se* on August 3, 2009, alleging

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

generally that Plaintiff suffered violations of his Eighth and Fourteenth Amendment rights when the original named Defendants imposed upon him a disciplinary infraction for contraband mail. *See* docket #4 at 3. Upon initial review of the Amended Complaint, Judge Weinshienk dismissed Plaintiff's claims against Defendant Warden Dunbar and dismissed the Eighth Amendment claim against Defendant McCormac. Docket #5. Thereafter, Plaintiff filed the within motion to reconsider Judge Weinshienk's order, claiming that Defendant Dunbar was dismissed in error.

The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Here, the Plaintiff offers nothing to suggest that the first two factors are implicated in this case, and the Court perceives no error in Judge Weinshienk's decision dismissing Defendant Warden Dunbar from this action due to Plaintiff's insufficient allegations demonstrating personal participation. Thus, the Plaintiff has not demonstrated any basis for reconsideration of the court's order.

Based on the foregoing, the Court RECOMMENDS that the District Court **deny** the Motion to Reconsider Decision on Dismissal of Claim [filed November 23, 2009; docket #10].

Dated at Denver, Colorado, this 25th day of January, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge