IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01832-REB-MEH

GIOVANNI LARATTA,

        Plaintiff,

v.

MICK MCCORMAC,

        Defendant.

---

**ORDER GRANTING MOTION TO STAY**

---

**Michael E. Hegarty, United States Magistrate Judge.**

        Pending before the Court is Defendants' Motion to Stay Discovery [docket #39]. The motion is briefed and has been referred to this Court for disposition [docket #40]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Defendants' motion is **granted**.

## I.    Background

        This action was initiated by the Plaintiff proceeding *pro se* on August 3, 2009, alleging generally that Plaintiff suffered violations of his Eighth and Fourteenth Amendment rights when the original named Defendants imposed upon him a disciplinary infraction for contraband mail. *See* docket #4 at 3. Upon initial review of the Amended Complaint, Judge Weinshienk dismissed Plaintiff's claims against Defendant Warden Dunbar and dismissed the Eighth Amendment claim against Defendant McCormac; thus, the only remaining claim is Plaintiff's due process claim against Defendant. *See* docket #5. On January 8, 2010, Defendant responded to the Amended Complaint by filing a Motion to Dismiss. *See* docket #20. Among other defenses, Defendant claims that he

is entitled to qualified immunity from suit in this matter. *Id.* at 13.

On February 16, 2010, this Court entered a Scheduling Order in this case; that same day, Defendant filed the within Motion to Stay Discovery, requesting that, "[b]ecause a well-supported claim of qualified immunity should shield a defendant from 'unnecessary and burdensome discovery,'" the proceedings of the case be stayed pending disposition of his Motion to Dismiss. *See* docket #39 at 3. The Plaintiff responds to the motion arguing that Defendant's qualified immunity theory should be disregarded and, therefore, the motion to stay should be denied. Docket #53 at 4.

## II.  Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, Defendant filed a motion to dismiss the claims set forth in Plaintiffs' Amended Complaint alleging, among other defenses, that he enjoys qualified immunity from the Plaintiff's claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendants' Motion to Dismiss raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as

early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Plaintiff's opposition to the Motion to Stay sets forth only his contentions that the qualified immunity theory should be disregarded, but nothing regarding whether proceedings should be stayed until the Court reaches a resolution of the qualified immunity issue. Moreover, the Court finds that allowing discovery to proceed in this matter against the government defendants would not serve the interests of judicial economy and efficiency. Consequently, following well-established Supreme Court and Tenth Circuit law, the Court will grant a temporary stay of the proceedings in this matter pending the disposition of the Motion to Dismiss.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery [filed February 16, 2010; docket #39] is **granted**. The proceedings of this case are hereby stayed pending the District Court's ruling on Defendants' Motion to Dismiss. The Final Pretrial Conference scheduled for August 19, 2010 is **vacated**. The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending Motion to Dismiss.

Dated at Denver, Colorado, this 9th day of March, 2010.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge