**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01832-REB-MEH

GIOVANNI LARATTA,

    Plaintiff,

v.

MICK McCORMAC,

    Defendant.

**ORDER ADOPTING RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the following: (1) the plaintiff's **Motion To Reconsider Decision on Dismissal of Claim** [#10][1] filed November 23, 2009; (2) the plaintiff's **Memorandum of Law in Support of Order To Show Cause for a Preliminary Injunction** [#18] filed December 23, 2009; (3) the defendant's **Motion To Dismiss** [#20] filed January 8, 2010; (4) the magistrate judge's **Recommendation on Motion To Reconsider** [#28] filed January 25, 2010; (5) the defendant's **Motion To Continue Trial** [#45] filed February 19, 2010; (6) the magistrate judge's **Recommendation on Motion To Dismiss and Motion for Preliminary Injunction** [#59] filed April 15, 2010; and (7) the plaintiff's **Motion for Leave To File an Amended Complaint** [#60] filed July 16, 2010. The plaintiff filed objections [#37] to the magistrate judge's January 25, 2010, recommendation. The plaintiff did not file objections to the magistrate judge's April 15,

---

    [1] "[#10]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

2010, recommendation [#59]. However, apparently in response to the April 15, 2010, recommendation, the plaintiff filed his motion [#60] to amend his complaint.

I approve and adopt both of the magistrate judge's recommendations, and I deny the plaintiff's motion to reconsider and his motion for preliminary injunction. With the consent of the magistrate judge, I withdraw my order of reference [#11] filed November 25, 2009, as to the plaintiff's motion [#60] to amend his complaint, and I grant that motion. Finally, I deny the defendant's motion to continue trial without prejudice to re-filing.

## I. STANDARD OF REVIEW

Because the plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the **Recommendation on Motion To Reconsider** [#28] to which the plaintiff has objected, and I have considered carefully the recommendation, objections, and applicable law. The plaintiff filed no objections to the **Recommendation on Motion To Dismiss and Motion for Preliminary Injunction** [#59]. Therefore, I review that recommendation only for plain error.[2]  **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005)

## II. MOTION TO RECONSIDER

In his motion to reconsider [#10], the plaintiff, Giovanni Laratta, asks that the court

---

[2] This standard pertains even though plaintiff is proceeding *pro se* in this matter. **Morales-Fernandez**, 418 F.3d at 1122.

2

reconsider the court's order [#5] dismissing the plaintiff's claim against defendant, George W. Dunbar, because Laratta failed to allege that Dunbar participated personally in the violations alleged in the plaintiff's complaint. I concur with the magistrate judge's analysis of this motion and approve and adopt his recommendation [#28]. I overrule Laratta's objections [#37] to this recommendation.

### III. MOTION TO DISMISS

In his **Motion To Dismiss** [#20] filed January 8, 2010, the one remaining defendant, Mick McCormac, argues that Laratta's claim for compensatory damages for mental and emotional distress is barred by 42 U.S.C. § 1997e(e). I agree with the magistrate judge that this claim is barred by § 1997e(e) and, thus, I dismiss this claim with prejudice.

The defendant argues also that the allegations in the plaintiff's complaint [#4] are not sufficient to state a claim on which relief can be granted to the extent Laratta alleges a violation of his due process rights in a prison disciplinary proceeding. In addressing this motion in his recommendation [#59], the magistrate judge recommends that the motion to dismiss be granted and that the Laratta be given an opportunity to amend his complaint to attempt to cure the deficiencies in his pleading. The magistrate judge outlined specific issues about which Laratta has not made sufficient factual allegations. I agree with the magistrate judge that the allegations in Laratta's complaint [#4] are not sufficient to state a claim on which relief can be granted. I agree also that Laratta should be given an opportunity to amend his complaint to correct the flaws in his factual allegations. Therefore, I approve and adopt the magistrate judge's recommendation [#59] concerning the resolution of the defendant's motion to dismiss [#20].

## IV. MOTION TO AMEND

In response to the recommendation [#59], Laratta filed his motion to amend his complaint [#60]. Attached to this motion is Laratta's proposed **Third Amended Prisoner Complaint** [#60-1]. The defendant filed a response [#63] to Laratta's motion to amend and argues that the motion to amend should be denied as futile because Laratta's allegations are still not sufficient to state a claim on which relief can be granted.

In his recommendation the magistrate judge outlined specific deficiencies in the factual allegations in Laratta's current complaint [#4]. In that complaint, and in his proposed amended complaint, Laratta alleges that his constitutional rights were violated in the course of a prison disciplinary proceeding. Laratta was charged with attempting to send a letter out of his prison facility in which letter he requested others to take inappropriate or illegal action. *Complaint* [#4], p. 4. As the magistrate judge notes, a prison inmate has only limited due process rights in a prison disciplinary proceeding, and those rights apply only if the disciplinary proceeding might affect a constitutionally protected liberty interest. In such a circumstance, an inmate must be given (1) written notice of the charge against him at least 24 hours before a hearing; (2) the opportunity to call witnesses and present documentary evidence, if such presentation will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action that is taken. **Smith v. Maschner**, 899 F.2d 940, 946 (10th Cir. 1990) ( citing **Wolff v. McDonnell**, 418 U.S. 539, 556 (1974)). When a prison inmate claims that he was prevented from presenting testimony or evidence at a prison disciplinary hearing, in violation of his due process rights, the inmate must allege and show how the evidence or testimony "would have affected the outcome of the case." **See Chesson v. Jaquez**, 986 F.2d 363, 366 (10th Cir.

4

1993).

Laratta alleges that the notice of hearing he received did not list the name of the person, Diana Smith, who discovered the letter in question.[3] He contends that, had he known the name of this person, he would have called her to testify at his hearing and she "would have testified to the existence and contents of the said letter, and further, that she did not confiscate said letter or any letter from the plaintiff ultimately affecting the outcome at the hearing." *Proposed amended complaint* [#60-1], p. 8. Laratta alleges also that he was denied the opportunity to present a copy of the letter as documentary evidence at his hearing. Laratta alleges that he "refutes having committed the disciplinary infraction. Therefore, any presentation of the said letter / evidence would contradict the violation of said infraction at said hearing ultimately affecting its outcome." *Id*. Reading these allegations liberally, as I must, I conclude that the allegations in Laratta's proposed amended complaint [#60-1] are sufficient to state a claim for violation of his due process rights in his disciplinary hearing. Although thin, his allegations concerning how presentation of Smith's testimony and a copy of the letter would have affected the outcome of his case are sufficient to state a claim. On this basis, I grant Laratta's motion to amend his complaint [#60].

### V. MOTION FOR PRELIMINARY INJUNCTION

In his recommendation [#59], the magistrate judge provides a detailed and accurate analysis of Laratta's motion for preliminary injunction, and recommends that the motion be denied. Laratta did not object to this recommendation. Finding no error in the

---

[3] I note that the defendant attached to his response [#63] to Laratta's motion to amend his complaint a copy of an amended notice of charges concerning Laratta's violation. Assuming this document is authentic, the document refutes Laratta's allegation that he was not aware of the identity of Diana Smith as the person who discovered the letter in question. The amended notice of charges explicitly names Diana Smith at the person who found the letter. However, when evaluating Laratta's motion to amend his complaint, it is not proper to consider such evidence.

5

magistrate judge's analysis of the motion for preliminary injunction, much less plain error, I approve and adopt this aspect of the recommendation [#59].  *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).

## VI.  MOTION TO CONTINUE TRIAL

Trial in this case currently is set for October 25, 2010.  In his motion to continue trial [#45], the defendant states that his counsel currently is set to begin a four day trial in another case on the same date.  Having reviewed the record in this case, it is conceivable that this case may be resolved on a motion for summary judgment.  In this order, I extend the dispositive motions deadline to September 14, 2010, for the purpose of filing motions for summary judgment.  If the defendant chooses to file such a motion, I expect to be able to resolve that motion prior to the trial date currently set.  If this case remains pending at that point, and if the conflict on defense counsel's calendar persists at that point, then I will consider a new motion to continue the trial.

## VII.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the magistrate judge's **Recommendation on Motion To Reconsider** [#28] filed January 25, 2010, is **APPROVED AND ADOPTED** as an order of this court;

2.  That the plaintiff's objections [#37] to the magistrate judge's January 25, 2010, recommendation are **OVERRULED AND DENIED**;

3.  That the plaintiff's **Motion To Reconsider Decision on Dismissal of Claim** [#10] filed November 23, 2009, is **DENIED**;

4.  That the magistrate judge's **Recommendation on Motion To Dismiss and Motion for Preliminary Injunction** [#59] filed April 15, 2010, is **APPROVED AND ADOPTED** as an order of this court;

6

5. That the plaintiff's **Memorandum of Law in Support of Order To Show Cause for a Preliminary Injunction** [#18] filed December 23, 2009, which I read as a motion for preliminary injunction, is **DENIED**;

6. That the defendant's **Motion To Dismiss** [#20] filed January 8, 2010, is **GRANTED**;

7. That with the consent of the magistrate judge, I **WITHDRAW** my order of reference [#11] filed November 25, 2009, as to the plaintiff's motion [#60] to amend his complaint;

8. That the plaintiff's **Motion for Leave To File an Amended Complaint** [#60] filed July 16, 2010, is **GRANTED**;

9. That the plaintiff's proposed **Third Amended Prisoner Complaint** [#60-1] is **ACCEPTED** for filing;

10. That the parties shall have until **September 14, 2010**, to file any motion for summary judgment;

11. That the defendant's **Motion To Continue Trial** [#45] filed February 19, 2010, is denied without prejudice to re-filing on or after October 11, 2010.

Dated August 24, 2010, at Denver, Colorado.

                                         **BY THE COURT:**

                                         */s/ Bob Blackburn*
                                         Robert E. Blackburn
                                         United States District Judge